People v Gujar (2023 NY Slip Op 50792(U))

[*1]

People v Gujar (Daljit)

2023 NY Slip Op 50792(U)

Decided on July 21, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 21, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MARINA CORA MUNDY, J.P., LISA S. OTTLEY, LOURDES M. VENTURA, JJ

2021-743 Q CR

The People of the State of New York, Appellant,
against
Daljit Gujar, Respondent. 

Queens County District Attorney (Johnnette Traill, Nancy Fitzpatrick Talcott and Semyon Davydov of counsel), for appellant.
New York City Legal Aid Society (Hilary Dowling of counsel), for respondent.

Appeal from an order of the Criminal Court of the City of New York, Queens County (Scott A. Dunn, J.), dated September 3, 2021. The order granted defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds.

ORDERED that the order is affirmed.
Insofar as is relevant to this appeal, on May 24, 2020, defendant was charged in an accusatory instrument with leaving the scene of an incident without reporting property damage (Vehicle and Traffic Law § 600 [1] [a]), improper turning movement (Vehicle and Traffic Law § 1163 [a]), driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), and common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). From March 20 to October 4, 2020, the provisions of CPL 30.30 were tolled for, among other criminal matters, misdemeanor charges in Queens County, pursuant to executive orders from the Governor's office in response to the COVID-19 outbreak (see Executive Order [A. Cuomo] No. 202.8 [9 NYCRR 8.202.8]; Executive Order [A. Cuomo] No. 202.67 [9 NYCRR 8.202.67]). On November 30, 2020, the People filed an off-calendar statement of readiness (SoR) that did not include a CPL 30.30 (5-a) certification of the facial sufficiency of the accusatory instrument. 
By notice of motion dated May 17, 2021, defendant moved to dismiss the accusatory instrument on statutory speedy trial grounds, arguing that the People's November 30, 2020 SoR [*2]was invalid because it lacked the CPL 30.30 (5-a) certification. The People opposed the motion. By order dated September 3, 2021, the Criminal Court (Scott A. Dunn, J.) granted defendant's motion after finding 225 chargeable days, more than the 90 days allotted to the People to be ready for trial, where, as here, the top charge was an unclassified misdemeanor (see CPL 30.30 [1] [b]; Vehicle and Traffic Law § 1193 [1] [b]). The Criminal Court accepted defendant's argument that the People's November 30, 2020 SoR was invalid pursuant to CPL 30.30 (5-a).
On appeal, the People argue that CPL 30.30 (5-a) does not specify when the People must certify the facial sufficiency of the accusatory instrument and, therefore, the Criminal Court should have allowed the People to file a 5-a certification after the November 30, 2020 SoR, which certification would retroactively validate the SoR. 
For the reasons stated in People v Ward (— Misc 3d &mdash, 2023 NY Slip Op 50688[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2023]), because the People did not file a 5-a certification before the expiration of their statutory speedy trial time, the Criminal Court correctly granted defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds (see also People v Barahona, — Misc 3d &mdash, 2023 NY Slip Op 50687[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2023]).
Accordingly, the order is affirmed.
MUNDY, J.P., OTTLEY and VENTURA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 21, 2023